STEFANO NITTI, an Infant, by GUISEPPE NITTI, His Guardian ad Litem, Appellant, *v.* EAST RIVER MILL AND LUMBER COMPANY and Others, Respondents.

First Department, October 31, 1924.

**Motor vehicles — action by boy to recover for injuries suffered when he was run over by truck of defendant corporation — plaintiff was thrown under truck of defendant corporation by truck belonging to individual defendants — not error to charge that if front wheel of truck of defendant corporation did not pass over plaintiff, owner of truck was not negligent — not prejudical error to permit police officer to testify that third person told him that plaintiff was at fault — error may be disregarded under Civil Practice Act, § 106 — verdict for $1,900 against individual defendants is inadequate.**

In an action by a boy to recover damages for injuries suffered when he was struck by a truck belonging to the individual defendants and thrown under a truck belonging to the corporation defendant, in which the weight of the evidence shows that the rear wheels of the truck which was owned by the corporation ran over the boy, it is not error for the court to charge that if the jury should find that the front wheel of the truck did not pass over the boy their verdict must be for the corporation defendant.

The finding by the jury that the boy was injured by the rear wheel of the truck of the corporation defendant necessarily absolved it from any possible claim, since there was no proof of any deviation by the truck from a straight course.

The error, if any, made by the court in permitting a police officer to testify that another person, not a party to the suit, had told him that the accident happened through the boy's own fault, may be disregarded under section 106 of the Civil Practice Act, as immaterial; the evidence was not prejudicial to the plaintiff on the issue of contributory negligence, since the jury found in his favor.

The verdict of the jury for $1,900 against the individual defendants is inadequate, since it was necessary to amputate one of the boy's legs below the knee.

APPEAL by the plaintiff, Stefano Nitti, from a judgment of the Supreme Court in favor of the defendant East River Mill and Lumber Company, entered in the office of the clerk of the county of New York on the 17th day of August, 1923, and also from an order entered in said clerk's office denying the plaintiff's motion for a new trial made upon the minutes.

Also an appeal by the plaintiff from a judgment of the Supreme Court in favor of the plaintiff and against the defendants Joseph Beck and another, entered in the office of the clerk of the county of New York, upon the verdict of a jury for $1,900, and also from an order entered in said clerk's office denying the plaintiff's motion to set aside the verdict and for a new trial on the ground, among others, that the verdict of $1,900 is inadequate and is a compromise verdict.

*Abraham M. Fisch* [*George M. Curtis, Jr.*, of counsel], for the appellant.

*E. C. Sherwood*, for the respondent East River Mill and Lumber Company.

*Benjamin C. Loder*, for the respondents Joseph Beck and another.

FINCH, J.:

Plaintiff, a boy between seven and eight years old, was stealing a ride on a truck proceeding north on the easterly car tracks on Second avenue in the city of New York. Jumping from the rear of this truck at some point estimated to be between twenty and one hundred feet south of the south crosswalk of One Hundred and Thirteenth street, he started to cross to the westerly side of Second avenue and was struck by the truck of the defendants Beck and Paul, which was proceeding in a southerly direction on the westerly car tracks. In consequence he was thrown in the path of the truck of the defendant East River Mill and Lumber Company, which was proceeding in a northerly direction behind the truck from which plaintiff had jumped, and his leg was severely injured, resulting in amputation below the knee.

In so far as the verdict concerns the defendant East River Company it is clearly right, since there is no proof of negligence against it. The appellant claims it was error for the court to charge that if the jury found the front wheel of the truck of this defendant did not pass over the plaintiff, their verdict must be for the said defendant, the appellant arguing that it would be possible for one guilty of negligence to avoid a person with the front and yet negligently injure him with the rear of a vehicle. While apart from this record it is quite possible to suppose such a case, yet a reading of the record shows that these words could only have been used to indicate that if the plaintiff was not hit by the front of the truck, then no negligence could be predicated against this defendant, because the plaintiff would then have been thrown by the truck of the defendants Beck and Paul in the path of the rear wheels after the front wheels had passed, since there was no proof of any deviation from a straight course. The weight of the evidence indeed was that the accident in fact so happened, one witness for plaintiff testifying that the plaintiff fell in front of the truck, against several witnesses for the defendant that he fell under the rear wheel. Under the circumstances of the case a finding of fact that the plaintiff was injured by the rear wheel necessarily absolved the defendant East River Company from any possible blame.

It further is contended that there was error in permitting a police officer to testify that a witness, not a party to the suit, had

told said officer that the accident happened through the plaintiff's own fault. It is claimed that a proper foundation was laid for the introduction of this testimony; but assuming that it was error, it cannot be said to have been so materially prejudicial to the plaintiff as against this defendant that this court may not disregard the same. (Civ. Prac. Act, § 106.) The evidence was not prejudicial to the plaintiff on the issue of his contributory negligence, since the jury found the plaintiff free from contributory negligence when they reached a verdict in his favor against the defendants Beck and Paul.

We now come to the appeal as against the defendants Beck and Paul. If they were guilty of negligence and the plaintiff was free from any negligence contributing to the accident, then the amount of the verdict is inadequate. It would seem as if the jury had considered the plaintiff contributorily negligent, but had nevertheless awarded him an inadequate amount. Either the defendants are entitled to a verdict in their favor, or the plaintiff is entitled to recover damages commensurate with the injuries received.

It follows that the judgment in favor of the defendant East River Mill and Lumber Company should be affirmed, with costs; and the judgment against the defendants Beck and Paul should be reversed and a new trial ordered, with costs to the appellant to abide the event.

CLARKE, P. J., SMITH, MERRELL and MARTIN, JJ., concur.

Judgment in favor of defendant East River Mill and Lumber Company affirmed, with costs. Judgment against defendants Joseph Beck and Abraham Paul and order appealed from reversed and new trial granted, with costs to appellant to abide the event.